980 F.2d 745
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Louise WEAVER, Petitioner/Appellant,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent/Appellee.
 No. 92-3428.
 United States Court of Appeals, Federal Circuit.
 Oct. 21, 1992.
 
 Before RICH, COWEN and PLAGER, Circuit Judges.
 
 PER CURIAM
 DECISION
 
 1
 Louise Weaver appeals the final decision of the Merit Systems Protection Board (MSPB or Board), No. DA-831E-91-0717-I-1, which affirms the Office of Personnel Management's (OPM) dismissal of her request for reconsideration of the initial denial of her disability retirement application. OPM had dismissed Weaver's reconsideration request as untimely because her circumstances did not meet the regulatory criteria for waiving the thirty day time limit for such requests. We affirm.
 
 DISCUSSION
 
 2
 Louise Weaver was working as a psychiatric vocational nurse at the Veterans Administration Medical Center in Waco, Texas, when a patient kicked her in the pelvic region in August of 1987. She did not return to work after that injury, and she was bedridden because of her pain. On August 22, 1988 she was officially removed from her position because she was unable to perform her duties as psychiatric vocational nurse.
 
 
 3
 Weaver applied for disability retirement benefits on August 16, 1988. On January 6, 1989 OPM denied her application because she did not meet the criteria for disability determinations. OPM found that the documentation failed to establish that she was disabled for useful and efficient service because of her disease or injury. OPM's decision, sent by certified mail, notified her that any request for reconsideration had to be received within thirty days.
 
 
 4
 OPM received medical reports describing Weaver's disability from her physician on May 5, 1990 and January 29, 1991. Although OPM notified Weaver on March 1, 1991 that a request for reconsideration would at that point be untimely, she submitted a request for reconsideration. Her request was received by OPM on July 17, 1991, over two years after the time limit for reconsideration had expired, and it was dismissed on August 1, 1991 for untimeliness. OPM decided that Weaver had not met the regulatory criteria for waiving the thirty day time limit because (1) she had been notified of the time limit, and (2) she had not shown that circumstances beyond her control had prevented her from making a timely request.
 
 
 5
 Weaver appealed OPM's decision to the MSPB on August 23, 1991. She asserted that OPM should have extended the time limit in her case because her agonizing pain had rendered her incompetent to file a request during the time period allowed for reconsideration. On December 24, 1991 the MSPB Administrative Judge affirmed OPM's decision as not unreasonable or an abuse of its discretion. It was undisputed that Weaver had been notified of the thirty day time limit. The Administrative Judge found that although the evidence showed that Weaver was bedridden to some extent during the relevant time period, the record did not support her claim that she was incompetent or prevented by circumstances beyond her control from making a timely request. The medical report from Weaver's physician did not explain how Weaver's condition prevented her from seeking reconsideration. Weaver was able to communicate with her husband and neighbor, and could have requested assistance from them in making the request for reconsideration. Yet none of the statements submitted by Weaver indicated that she did so.
 
 
 6
 Weaver petitioned the full Board for review, but her petition was denied on April 13, 1992 because it did not meet the criteria for review.
 
 
 7
 We review a decision of the Merit Systems Protection Board according to 5 U.S.C.A. § 7703(c) (West 1991). That standard requires us to affirm an agency decision unless it is arbitrary, capricious, an abuse of discretion, otherwise not in accordance with law, or unsupported by substantial evidence.
 
 
 8
 On appeal to us, Weaver repeats her claim that her excruciating and persistent pain caused her to be unable to think clearly. She points to "Alonzo Factors," which presumably refers to Alonzo v. Department of the Air Force, 4 M.S.P.R. 180 (1984) (listing factors to be considered when deciding whether to waive the time limit for appeals to MSPB).
 
 
 9
 OPM and the MSPB applied the correct statutes and regulations. OPM may extend the time limit if the individual was not notified and was otherwise not aware of the time limit, or was prevented by circumstances beyond her control from making a timely request. 5 C.F.R. § 831.109(e)(2) (1991). We note that Alonzo does not apply here because it addresses the issue of good cause for a late appeal to the MSPB, rather than the issue of extending the time limit for filing a reconsideration request with OPM. Azarkhish v. OPM, 915 F.2d 675, 677-78, n. 1 (Fed.Cir.1990).
 
 
 10
 We are satisfied that there is substantial evidence in the record to support the Administrative Judge's decision, and that the Board did not abuse its discretion in denying review. Azarkhish, 915 F.2d at 680. We therefore affirm.
 
 
 11
 No costs.